Ronald MARSHALL, Petitioner–
Appellant

v.

Burl CAIN, Warden, Louisiana State
Penitentiary, Respondent–
Appellee.

No. 06–30961

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 2007.

Ronald Marshall, Angola, LA, pro se.

Valentin Michael Solino, District Attorney's Office for the Parish of Orleans, New
Orleans, LA, for Respondent–Appellee.

Before KING, DAVIS, and CLEMENT,
Circuit Judges.

PER CURIAM: *

Ronald Marshall, Louisiana prisoner
# 336016, appeals from the denial of his 28
U.S.C. § 2254 petition challenging his
armed robbery conviction. The district
court granted Marshall a certificate of appealability (COA) on the following issues:
whether counsel was ineffective for (1) allowing the jury to hear Detective Calvin
Brazley's hearsay testimony regarding the
substance of an anonymous tip; (2) failing
to investigate, interview, and secure witnesses; and (3) failing to investigate and
find impeachment evidence.

Marshall's brief is devoid of discussion
of the issues on which the district court
granted him a COA. Marshall alleges that
he is unable to address the merits of his
ineffective assistance claims because he
was required to leave behind his legal materials when he was evacuated from the
Orleans Parish Prison during Hurricane
Katrina. The record discloses, however,
that despite the unavailability of his legal

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

materials, Marshall nevertheless sufficiently objected to the magistrate judge's recommendation concerning the three ineffective assistance issues on which he was ultimately granted a COA. The record further discloses that Marshall's request for a free copy of the record was granted by the district court.

Marshall did not wait for this court to rule on his request for a free copy of the record before asking that a pleading devoid of discussion of the ineffective assistance issues be filed as his merits brief. Based on the preceding, we hold that his failure to brief the issues on which COA was granted renders them abandoned. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir.1999).

AFFIRMED.